UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE HUBER-HAPPY, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1096 (JCH) |
| JACK NELSON HAPPY et. al., | : | |
| Defendants. | : | OCTOBER 5, 2005 |

**RULING ON DEFENDANT HAPPY'S MOTION TO DISMISS [Dkt. No. 14],
DEFENDANT HAPPY'S MOTION FOR SANCTIONS [Dkt. No. 15],
AND VARIOUS OTHER MOTIONS [Dkt. Nos. 11, 22, 27, 31, 32, 34, 38, 40-42, 44]**

**I.    INTRODUCTION**

This case originated as an action for divorce, child custody, and alimony in the

Circuit Court of Newport News, Virginia.  Jack Nelson Happy was the plaintiff in the

original action, and Jeanne Huber-Happy was the defendant.  On July 11, 2005, Ms.

Huber-Happy filed a notice of removal, [Dkt. No. 3], to bring her husband's action

before this court.  When she removed the Virginia action, she styled herself as plaintiff

and Mr. Happy as defendant.  Thus, for the purposes of this ruling, the court will refer to

Ms. Huber-Happy as the plaintiff, and to Mr. Happy as the defendant.

Ms. Huber-Happy filed an amended notice of removal on September 9, 2005,

"adding" seven additional defendants.  These individuals were not parties to the original

state court action.

Numerous motions have been filed in this case. As discussed below, the court's

ruling on Mr. Happy's motion to dismiss renders most of these motions moot.  The court

will separately discuss Ms. Huber-Happy's motion to strike Mr. Happy's motion to

dismiss, as well as motions by both parties for sanctions pursuant to 28 U.S.C. § 1927.

II.    **DISCUSSION**

A.    **Defendant's Motion to Dismiss**

The defendant first moves to dismiss the present action for lack of subject matter jurisdiction.  As discussed in the July 12, 2005 Ruling of this court, a civil action is removable to federal court only where the federal court would have original jurisdiction. (Ruling on Plaintiff's Combined Mot. for Temporary Restraining Order and Prelim. Inj. and Mot. for Stay of All Proceedings at 2-3 [Dkt. No. 7] (citing 21 U.S.C. ¶ 1441(a)). Federal courts do not have original jurisdiction in actions concerning the issuance of divorce, child custody or alimony decrees.  (Id. (citing Barber v. Barber, 62 U.S. 582 (1859); In re Burrus, 136 U.S. 586, 593-94 (1890); Ankenbrandt v. Richards, 504 U.S. 689, 700 (1992) ).

The Bill of Complaint that Mr. Happy filed against Ms. Huber-Happy in the Circuit Court for the City of Newport News, Virginia, asked the state court to issue divorce, child custody, and alimony decrees, along with other relief pursuant to the divorce and custody actions.  (Def.'s Mem. Supp. Mot. Dismiss Ex. A).  It contained no claims arising under federal law.  Thus, the court has no subject matter jurisdiction over the instant case.

The court has read and considered Ms. Huber-Happy's submissions in response to the court's order to show cause why the instant matter should not be dismissed for lack of subject matter jurisdiction.[1]  It finds that Ms. Huber-Happy has not shown cause

---

[1]  The court issued this order in the Ruling on Plaintiff's Combined Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Stay of All Proceedings. [Dkt. No. 7 at 4].

why this case should not be dismissed.  In particular, it notes that any federal law claims or defenses Ms. Huber-Happy may have against Mr. Happy are not relevant for the purposes of determining whether the court has federal question jurisdiction over the instant case, because it is clear from the face of Mr. Happy's complaint that no federal question exists in this case.  See 18 U.S.C. § 1331 (granting district courts original jurisdiction over civil actions arising under federal law); Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 152 (1908) (holding that anticipated defenses that may be invalidated by federal law do not give federal district courts jurisdiction under § 1331); Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464-65 (1894) (holding that anticipated defenses that may arise under federal law do not confer jurisdiction on federal district courts under § 1331); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983) (reaffirming both the Mottley and Union & Planters' Bank principals); see also Holmes Group, Inc. v. Vornado Circulation Sys., 535 U.S. 826 (2002) (holding that federal appellate courts lack jurisdiction over cases involving compulsory federal counterclaims).  Moreover, the court cannot exercise supplemental jurisdiction over the Virginia family law claims because the original divorce action that is the subject of Ms. Huber-Happy's Amended Notice of Removal does not include any claims arising under federal law.  See 28 U.S.C. § 1367 (requiring that a district court have original jurisdiction over a civil action in order to exercise supplemental jurisdiction over related state law claims).

The court has no jurisdiction over the removed divorce action.  The court therefore grants with prejudice Jack Nelson Happy's motion to dismiss for lack of subject matter jurisdiction.[2]

### B.   Plaintiff's Motion to Strike Defendant's Motion to Dismiss

Ms. Happy moves to strike the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f) because she claims that Mr. Huber-Happy did not serve her with a copy of this motion.[3]  The court construes liberally filings by pro se litigants.  However, even if the court were to overlook the fact that Ms. Huber-Happy is an attorney and construe her motion to strike as an argument in opposition to Mr. Happy's motion to dismiss, this argument fails.  Regardless of whether Ms. Huber-Happy received service of the motion from Mr. Happy, she did, by her own admission, obtain a copy of this motion from the clerk's office.  (Huber-Happy Affirmation ¶ 3(F) [Dkt. No. 24]).  Moreover, on August 22, 2005, this court issued to Ms. Huber-Happy an order to show cause why the motion to dismiss should not be granted.  [Dkt. No. 23].  On August 23, 2005, this court issued a notice to Ms. Huber-Happy further informing her of the motion to dismiss, and instructing her to file a memorandum in opposition to this motion.  [Dkt. No. 26].  Thus, she was on notice of Mr. Happy's motion to dismiss, as well as the court's sua sponte raising the question of lack of jurisdiction.  Ms. Huber-Happy also received an extension of time in which to reply to the motion to dismiss.  (Order

_____

[2] Because removal fails on that ground, the court does not address the issues of personal jurisdiction or venue.

[3] The court notes that Mr. Happy's motion contained a certification of service, but it does not decide the issue of whether Mr. Happy did in fact serve a copy of the motion on the plaintiff, as that is not necessary in light of the court's ruling.

-4-

Granting Motion for Extension of Time to Respond More Fully to the Court's Order to Show Cause & to Address Other Issues [Dkt. No. 25]).  This extension, along with the numerous filings that plaintiff has submitted in opposition to dismissal, show that she was not prejudiced by a defect, if any, in service.  Therefore, the court denies plaintiff's motion to strike defendant's motion to dismiss.

      **C.    Motions for Sanctions**

      The defendant moves the court to impose sanctions on the plaintiff under 28 U.S.C. § 1927.  The plaintiff requests the court to impose the same sanctions on the defendant.  The relevant statute provides,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  The court may impose sanctions under this statute "'only when there is a finding of conduct constituting or akin to bad faith.'"  In re 60 East 80th Street Equities, Inc., 218 F.3d 109, 115 (quoting Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir.1997)).  Sanctions are properly imposed where "'the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"  Id. (quoting United States v. International Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir.1991) (internal quotation marks omitted)).

      An attorney whom the court proposes to sanction must receive "'specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will

be assessed, and an opportunity to be heard on that matter, and must be forewarned of

the authority under which sanctions are being considered, and given a chance to

defend himself against specific charges.'" Id. (quoting Sakon, 119 F.3d at 114).

> At a minimum, the notice requirement mandates that the subject of a
> sanctions motion be informed of: (1) the source of authority for the
> sanctions being considered; and (2) the specific conduct or omission for
> which the sanctions are being considered so that the subject of the
> sanctions motion can prepare a defense.

Id. (internal citations omitted).  The opportunity to be heard does not require a

full evidentiary hearing or any particularized procedure.  A chance to respond by

written submission is sufficient so long as it offers the accused attorney a

reasonable opportunity to respond.  Id.

### 1.    Defendant's Motion for Sanctions

The court finds Ms. Huber-Happy's professional conduct before the courts of

Virginia to be beyond our jurisdiction.  The court does have jurisdiction to impose

section 1927 sanctions on the basis of Ms. Huber-Happy's conduct before this court,

however, despite the lack of subject matter jurisdiction over the underlying divorce

claim.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990) (holding that

"a federal court may consider collateral issues after an action is no longer pending,"

including criminal contempt sanctions, attorneys' fees and Fed.R.Civ.P. 11 sanctions);

cf. Willy v. Coastal Corp., 915 F.2d 965, 966-67 (1990) (holding that federal courts may

impose sanctions under Rule 11 even when they do not have subject matter

jurisdiction); Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (1999)

(applying the reasoning from Willy in the context of a discussion of a district court's

power to impose section 1927 sanctions and concluding that court retained sanction

power despite final disposition of the case); Keller v. Mobil Corp., 55 F.3d 94, 98 (2d Cir. 1995) (applying the Willy reasoning in the section 1927 context and concluding that a court could impose sanctions despite conflicting settlement agreement).

The court finds that Ms. Huber-Happy has received adequate notice of both "the source of authority for the sanctions being considered" and "the specific conduct or omission for which the sanctions are being considered."  The court's Order to Show Cause why the motion should not be granted by this Court, [Dkt. No. 23], refers the plaintiff to "defendant's Motion for Sanctions [Dkt. No. 15]," which cites and summarizes 28 U.S.C. § 1927, as well as detailing the factual grounds on which Ms. Huber-Happy might be subject to sanction.  The Order to Show Cause clearly warned that "[f]ailure to respond in writing to the court by said date may result in sanctions being issued against Jeanne Huber-Happy, including dismissal of her case."  [Dkt. No. 23].

Similarly, Ms. Huber-Happy has received adequate opportunity to respond to the threat of sanctions.  The Order to Show Cause directed her to respond in writing to the defendant's accusations.  [Dkt. No. 23].  The court also granted her an extension of time in which to file her response.  [Dkt. No. 25].  On August 25, 2005, she filed a response in the form of an "Affirmation in Opposition to Motion for Sanctions Submitted by Defendant."  [Dkt. No. 27].

Ms. Huber-Happy argues that the Motion for Sanctions should fail on account of a defect in service.  However, she not only received a copy of the motion from the clerk's office, but also received the aforementioned Order to Show Cause why the motion should not be granted from this Court.  [Dkt. No. 23].  Moreover, the court granted her aforementioned motion for an extension of time to file a response to this

-7-

motion.  [Dkt. No. 25].  Therefore, she was not prejudiced by any defect in service.

The court finds that Ms. Huber-Happy's many meritless motions, considered in light of the fact that she filed her removal motion the day before Mr. Happy's divorce action against her was scheduled for a hearing regarding a final decree of divorce, (Happy Aff. ¶ 5 [Dkt. No. 14-3]), give rise to an inference that she has filed her removal motion, and possibly also subsequent motions in this court, to delay her Virginia divorce proceedings.  Ms. Huber-Happy's filings have "multiplie[d] the proceedings in [this] case unreasonably and vexatiously."  Sanctions are therefore permitted under 28 U.S.C. § 1927.  At the present time, the court in its discretion declines to impose monetary sanctions, but it advises Ms. Huber-Happy that it will not hesitate to impose monetary sanctions should she continue to file frivolous motions in this case now that it is closed in this court.

In light of this holding, the court denies as moot plaintiff's motion to strike defendant's motion for sanctions [Dkt. No. 34].

## 2.    Plaintiff's Motion for Sanctions

In her response to the Order to Show Cause why sanctions should not be imposed on her, the plaintiff moves the court to impose sanctions against the defendant and his counsel.  [Dkt. No. 27].  The plaintiff also requests sanctions against the defendant in her "Affirmation" of August 19, 2005.  [Dkt. No. 22].  The court denies these motions because it finds that Mr. Happy's submissions to the court have not been without merit.

### D.     Remaining Motions

As a result of the court's ruling on defendant's motion to dismiss, the court denies the following motions as moot:  Plaintiff's Rule 59(e) Motion for Reconsideration July 12, 2005 Denial of Motion for TRO/Preliminary Injunction and Motion for Stay [Dkt. No. 11 & 41]; Plaintiff's Motion to Strike Report of Rule 26(f) Planning Meeting [Dkt. No. 31]; Defendant's Motion to Vacate Order on Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 32]; Plaintiff's Motion to Strike Defendant's Motion to Dismiss [Dkt. No. 38]; Plaintiff's Motion to Strike Defendant's Motion to Vacate [Dkt. No. 40]; Plaintiff's Rule 6(b) and Local Rule 7(b) Motion for Enlargement of Time to Serve Amended Notice of Removal (Complaint) and Other Required Documents on Defendants [Dkt. No. 42]; and Defendant's Motion to Strike Amended Notice of Removal [Dkt. No. 44]. Insofar as Ms. Happy moves for a writ of mandamus in her August 19, 2005 Affirmation [Dkt. No. 22], filed in opposition to Mr. Happy's August 8, 2005 affidavit [Dkt. No. 14-3], this motion is also denied as moot in light of the lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss [**Dkt. No. 14**] is **GRANTED,** and the instant case is **REMANDED** to the Virginia state court.

Defendant's Motion for Sanctions [**Dkt. No. 15**], plaintiff's requests for sanctions in her Affirmation in Opposition to Motion for Sanctions Submitted by Defendant at ¶ 3.D.  [**Dkt. No. 27**] and her August 19, 2005 Affirmation at ¶ 3.Q.  [**Dkt. No. 22**], plaintiff's request for a writ of mandamus in her August 19, 2005 Affirmation at ¶ 3.Q. [**Dkt. No. 22**], plaintiff's Rule 59(e) Motion for Reconsideration July 12, 2005 Denial of

Motion for TRO/Preliminary Injunction and Motion for Stay [**Dkt. Nos. 11 & 41**],

plaintiff's Motion to Strike Report of Rule 26(f) Planning Meeting [**Dkt. No. 31**],

defendant's Motion to Vacate Order on Motion for Leave to Proceed in Forma Pauperis

[**Dkt. No. 32**], plaintiff's Motion to Strike defendant's motion for sanctions [**Dkt. No. 34**],

plaintiff's Motion to Strike Defendant's Motion to Dismiss [**Dkt. No. 38**], plaintiff's Motion

to Strike Defendant's Motion to Vacate [**Dkt. No. 40**], plaintiff's Rule 6(b) and Local

Rule 7(b) Motion for Enlargement of Time to Serve Amended Notice of Removal

(Complaint) and Other Required Documents on Defendants [**Dkt. No. 42**], and

defendant's Motion to Strike Amended Notice of Removal [**Dkt. No. 44**] are **DENIED**.

**SO ORDERED.**

　　　　Dated at Bridgeport, Connecticut this 5th day of October, 2005.


_____
　　　　　　　　　　　　/s/ Janet C. Hall
　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　United States District Judge